# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Civil No. 06-4702 (JRT/FLN)**

CHRISTOPHER ROLLER,

            Plaintiff,

v.

THE JAMES RANDI EDUCATIONAL
FOUNDATION, INC., c/o Magician James
Randi,

            Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Civil No. 07-1296 (JRT/FLN)**

CHRISTOPHER ROLLER,

            Plaintiff,

v.

THE JAMES RANDI EDUCATIONAL
FOUNDATION, INC., c/o Magician James
Randi; ANTHONY OSTLUND & BAER,
P.A.; STATE OF MINNESOTA; and
UNITED STATES,

            Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATIONS**

  Christopher Roller, 13150 Harriet Avenue South #273, Burnsville, MN 55337, *pro se* plaintiff.

  Richard T. Ostlund, **ANTHONY OSTLUND & BAER, PA**, 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402, for defendants The James Randi Educational Foundation, Inc. and Anthony Ostlund & Baer, P.A.

John S. Garry, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128, for defendant State of Minnesota.

Patricia R. Cangemi, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant United States.

Plaintiff Christopher Roller ("Roller") brought two separate actions against defendant The James Randi Educational Association ("defendant" or "Randi") for breach of contract and patent infringement.[1] Defendant filed motions to consolidate, to dismiss for lack of personal jurisdiction, and for sanctions. In a Report and Recommendation dated June 5, 2007, United States Magistrate Judge Franklin L. Noel recommended that the Court grant in part and deny in part defendant's motions. Roller timely objected to the Report and Recommendation. This Court has conducted a *de novo* review of the objections under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). The Court adopts with modifications the Report and Recommendation for the reasons discussed below.

Plaintiff Roller alleges in the first action that defendant offered $1,000,000 to anyone who can produce evidence of the paranormal, the supernatural, or the occult. Roller argues he has produced such evidence and that defendant's failure to pay him constitutes a breach of contract. Roller's second suit alleges that defendant is infringing plaintiff's patent on godly powers. Defendant is a Florida corporation with no offices,

---

[1] Case No. 07-1296 includes additional defendants Anthony Ostlund & Baer, PA, the State of Minnesota, and the United States. Pursuant to defendant Randi's motion to consolidate, this Order addresses only those claims asserted by Roller against Randi. Roller's claims against the additional defendants in Case No. 07-1296 remain pending.

business, or property in Minnesota, and with no contacts in Minnesota prior to this litigation.

Defendant filed a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Defendant also filed a motion to consolidate the two actions and a motion for sanctions for abuse of judicial process.[2] The Magistrate Judge determined that Roller had failed to demonstrate that the defendant had "minimum contacts" in Minnesota sufficient to support a finding of personal jurisdiction. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Roller's objections contain no new plausible allegations that defendant has minimum contacts in Minnesota. For this reason, the Court adopts the Report and Recommendation and grants defendant's motion to dismiss for lack of personal jurisdiction.

Defendant's motion for sanctions requests that the Court impose a $25,000 fine on Roller that would be suspended if Roller ceases all litigation, threats, and contacts with defendant. The Magistrate Judge determined that Roller's litigation history constitutes an abuse of the judicial process, and that the Clerk of Court should be directed not to accept any further cases filed by Roller unless the pleading is signed by an attorney admitted to practice before this Court. In addition to the instant cases, Roller has filed no fewer than eleven actions in this District. Six of the seven adjudicated cases were dismissed for failure to state a claim or other pleading deficiencies under Rule 12(b), with the

---

[2] Plaintiff does not object to the Magistrate Judge's recommendation that defendant's motion to consolidate be granted. The Court therefore grants defendant's motion to consolidate [Case No. 06-4702, Docket No. 19; Case No. 07-1296, Docket No. 2] without further discussion.

remaining case transferred for improper venue.³ In short, Roller has established a track record of frivolous litigation before this Court. The Court is mindful of the liberal standards applicable to *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and it does not sanction lightly. But the "Court's goal of fairly dispensing justice is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *Zatko v. California*, 502 U.S. 16, 17 (1991) (internal citations omitted). The Court therefore adopts the Report and Recommendation and grants defendant's motion for sanctions. However, the Court modifies the recommended sanction as follows. Roller shall be precluded from filing any additional actions in this Court against defendant, or regarding claims or allegations similar to those alleged in the Complaint, without the signature of an attorney admitted to practice before this Court or prior leave of an appointed judicial officer of the federal court of Minnesota. *See Dixon v. Rybak*, 2006 WL 2945564, at * 3 (D. Minn. Oct. 13, 2006) (imposing similar restrictions upon *pro se* litigant with a history of frivolous litigation). The motion is denied in all other respects.

Thus, aside from the one modification concerning sanctions, the Court adopts the report and recommendation of the Magistrate Judge.

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **ADOPTS with modifications** the Report and Recommendation dated June 5, 2007 [Case No. 06-

---

³ Three of the four pending cases assert infringement claims on Roller's alleged patent on godly powers.

4702, Docket No. 30 and Case No. 07-1296, Docket No. 18]. **IT IS HEREBY ORDERED THAT**:

1. Defendant Randi's Motion to Consolidate [Case No. 06-4702, Docket No. 19; Case No. 07-1296, Docket No. 2] is **GRANTED**.

2. Defendant Randi's Motion to Dismiss for Lack of Personal Jurisdiction [Case No. 06-4702, Docket Nos. 10, 19; Case No. 07-1296, Docket No. 2] is **GRANTED**.

3. Defendant Randi's Motion for Sanctions [Case No. 06-4702, Docket No. 19; Case No. 07-1296, Docket No. 2] is **GRANTED in part** and **DENIED in part**. The Clerk of Court shall not accept any further cases filed in this Court by plaintiff against defendant Randi, or regarding claims or allegations *against any defendant* similar to those alleged in the Complaint, without the signature of an attorney admitted to practice before this Court or prior leave of an appointed judicial officer of the federal court of Minnesota. The motion is denied in all other respects.

4. Plaintiff's claims against defendant Randi in Case No. 07-1296 are **DISMISSED**

5. Plaintiff's claims against defendant Randi in Case No. 06-4702 are **DISMISSED**. This case is closed. Let judgment be entered accordingly.

DATED:   September 28, 2007              s/ John R. Tunheim
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                        United States District Judge